UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Scott Friedman, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-0821-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| Las Vegas Metropolitan Police Department; ) | |
| Douglas Gillespie, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are the Motion to Dismiss, (ECF No. 9), and the Motion to Remand, (ECF No. 10), filed by Plaintiff Scott Friedman on June 5, 2014.  Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Douglas Gillespie filed a Response to these Motions, (ECF No. 12), on June 11, 2014.  For the reasons that follow, the Court will grant the Motions and remand this case for lack of subject matter jurisdiction.

I.      **BACKGROUND**

Plaintiff was an employee of LVMPD from July 28, 1997, until August 8, 2012, when Plaintiff retired on medical grounds. (Compl. 2:7-9, Ex. A to Pet. for Removal, ECF No. 1). Plaintiff alleges that at the time of his retirement, he was not suspended or subject to any other disciplinary sanction by LVMPD. (*Id.* at 2:10-18).  Despite the fact that Plaintiff claims to have retired in good standing, LVMPD has refused to grant retirement credentials that would authorize him to carry a concealed weapon. (*Id.* at 3:7-13).  Plaintiff claims that the refusal to issue retirement credentials violated Nev. Rev. Stat. § 201.3678.

Plaintiff filed a Charge of Discrimination with the Nevada Equal Rights Commission ("NERC") on June 17, 2013. (*Id.* at 4:15-18).  On January 9, 2014, the NERC issued a right to sue letter stating that Plaintiff could file his claims in state or federal court. (*Id.* at 4:19-23).

Based on these allegations, Plaintiff filed the Complaint in Clark County District Court on April 10, 2014, setting forth causes of action for (1) Declaratory Relief, (2) Injunctive relief, and (3) Discrimination and Retaliation in violation of Nev. Rev. Stat. § 613.345 and the Americans with Disabilities Act. (*Id.* at 4:25-6:4). Defendants removed the action on May 22, 2014, citing this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Pet. for Removal 1:19-25, ECF No. 1). In the instant Motions, Plaintiff requests that his claim under the Americans with Disabilities Act be dismissed and that this action be remanded to Clark County District Court.

## II.  LEGAL STANDARD

### A. Failure to State a Claim Upon Which Relief Can Be Granted

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542,

1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B. Remand**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). For this reason, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting

*Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

District courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he existence of federal jurisdiction is to be determined solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) (citations omitted). Per the "well-pleaded complaint rule," which governs federal-question jurisdiction, district courts have subject matter jurisdiction "only when a federal question is presented on the face of the [plaintiff's] properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). Therefore, it is insufficient "that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States." *Self*, 588 F.2d at 657 (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). The defendant, moreover, "may not invoke removal jurisdiction simply by asserting a federal defense." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 570 (9th Cir. 1996).

### III. DISCUSSION

#### A. Rule 12(b)(6) Dismissal

Plaintiff argues that the ADA claim should be dismissed, conceding that the Complaint fails to assert that LVMPD's denial of his retirement credentials was motivated by his disability. Defendants argue that Plaintiff has sufficiently stated a claim under the ADA, pointing out that the Complaint incorporates the allegations set forth in the Charge of Discrimination filed with the Nevada Equal Rights Commission.

In the Charge of Discrimination, Plaintiff states, "[LVMPD] is discriminating against me due to my disability and is retaliating against me," and that, "Lt. Tim Kelley advised me I would not receive my credentials due to my disability." (Charge of Disc. at 1, Ex. A to Defs.' Resp., ECF No. 12). However, even though it incorporates these allegations, the Complaint fails to set forth sufficient allegations to establish a claim under the ADA.

To state a claim for ADA discrimination, Plaintiff must plausibly allege that: "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003). Similarly, a claim for ADA retaliation requires that a Plaintiff allege: "(1) he engaged in a protected activity; (2) suffered an adverse employment action; and (3) there was a causal link between the two." *Pardi v. Kaiser Found. Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004).

Here, though the Complaint states that Defendants violated the ADA, it makes no indication that Plaintiff is disabled. The Charge of Discrimination goes only slightly further, stating twice that the denial of retirement credentials occurred "due to [Plaintiff's] disability" without identifying the nature, character, or degree of Plaintiff's impairment. (*See* Charge of Disc. at 2). Alleging that Plaintiff is disabled in such a conclusory fashion fails to satisfy the requisite standard of plausibility. *Twombly*, 550 U.S. at 555. Therefore, the Court finds that Plaintiff has failed to sufficiently state a claim for ADA discrimination.

Concordantly, Plaintiff has failed to state a claim for ADA retaliation because neither the Charge of Discrimination nor the Complaint indicates that Plaintiff engaged in an activity protected by the ADA. Though the Charge of Discrimination states that LVMPD retaliated against Plaintiff "because [LVMPD] was upset that [Plaintiff] medically retired," it does not allege that Plaintiff's retirement was associated with any ADA-protected activity. (*See* Charge

of Disc. at 2). Accordingly, the Court will dismiss Plaintiff's claim arising under the ADA without prejudice.

**B. Subject Matter Jurisdiction**

Defendants argue that even without Plaintiff's ADA claims, this Court may still exercise federal question jurisdiction over this case because Plaintiff's claims under Nev. Rev. Stat. § 202.3678 are directly tied to federal law. Indeed, even in cases in which no federal cause of action is asserted, federal question jurisdiction may still exist if a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial" that may be resolved "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Defendants argue that there is a substantial federal issue in dispute because Nev. Rev. Stat. § 202.3678 refers to certain provisions of the Law Enforcement Officers Safety Act ("LEOSA"), codified at 18 U.S.C. §§ 926B and 926C.

Nev. Rev. Stat. § 202.3678, which establishes the process for certification of retired law enforcement officers, provides:

> 1.  A retired law enforcement officer who is a resident of this State may apply, on a form prescribed by regulation of the Department, to the sheriff of the county in which he or she resides for any certification required pursuant to 18 U.S.C. § 926C(d) to become a qualified retired law enforcement officer. . . .
>
> 3.  The sheriff shall provide the certification pursuant to subsection 1 to a retired law enforcement officer . . . if the sheriff determines that the officer meets the standards for training and qualifications.
>
> 4.  As used in this section . . . 'Qualified retired law enforcement officer' has the meaning ascribed to it in 18 U.S.C. § 926C.

Even reading this section in isolation, it is apparent that Defendants' argument lacks merit. Section 202.3678(1) merely establishes the application procedure for individuals seeking to become certified as qualified retirement law enforcement officers. Though this section incorporates LEOSA's definition of "qualified retired law enforcement officer," it does not require that an individual satisfy any provision of LEOSA in order to obtain certification. Indeed, Subsection (3) which sets forth the criteria for certification, makes no mention whatsoever of LEOSA. Therefore, Plaintiff's challenges to the denial of his certification do not turn upon an interpretation of LEOSA.

However, even assuming, *arguendo*, that the determination as to whether Plaintiff qualified for certification under Nev. Rev. Stat. § 202.3678 required reference to LEOSA, this case would still lack any dispute over a substantial federal issue. While it does not appear that any court has yet considered whether a claim under a state statute that incorporates provisions of LEOSA necessarily raises a substantial federal issue, the rulings from multiple courts rejecting the assertion that LEOSA creates an independent cause of action are exceptionally relevant to the instant case.

Every court to have considered the question has held that no private right of action exists under LEOSA because Congress explicitly intended for states to establish and enforce their own concealed firearm certification standards. *Johnson v. New York State Dep't of Corr. Servs.*, 709 F. Supp. 2d 178, 185-86 (N.D.N.Y. 2010) ("[T]he creation of a federal remedy would be inconsistent with LEOSA's statutory scheme because Congress left the states with the authority to issue concealed firearm certifications."); *Moore v. Trent*, 2010 WL 5232727, at *4 (N.D. Ill. Dec. 16, 2010) ("The text of [LEOSA] reveals Congress' decision to preserve the States' authority in establishing eligibility requirements for qualified retired law enforcement officers."); *Zarrelli v. Rabner*, 2007 WL 1284947, at *2 (N.J. Super. Ct. 2007) ("[LEOSA] is bereft of any indication that Congress, on passing the Act, intended to mandate that the various

States implement a procedure for issuing certifications in accordance with 18 U.S.C. § 926C(d).").

      Rather than affirmatively requiring states to issue concealed carry licenses to retired police officers, LEOSA merely permits retired officers who already possess a concealed-carry permit to bring a concealed firearm across state lines. *See, e.g.*, *Johnson*, 709 F. Supp. 2d at 187 (N.D.N.Y. 2010). This purpose is apparent from the statute's plain language, which provides:

> (a)     Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce. . . .
>
> (d)     The identification required by this subsection is . . .
>
> > (B)     a certification issued by the State in which the individual resides . . . that indicates that the individual has, not less than 1 year before the date the individual is carrying the concealed firearm, been tested or otherwise found by the State . . . to have met—
> >
> > > (I)     the active duty standards for qualification in firearms training, as established by the State, to carry a firearm of the same type as the concealed firearm; or
> > >
> > > (II)     if the State has not established such standards, standards set by any law enforcement agency within that State to carry a firearm of the same type as the concealed firearm.

18 U.S.C. § 926C.

      Subsection (d) exposes the fallacy in Defendants' reasoning. By its express terms, LEOSA utilizes the standards set by each state for concealed-carry certification. Thus, even if Nev. Rev. Stat. § 202.3678 pointed to LEOSA for its certification criteria, Plaintiff's claims would turn upon Nevada's applicable concealed-carry standards rather than any provision of

LEOSA itself. Therefore the Court finds that Plaintiff's claims do not involve a substantial federal issue, and that federal question jurisdiction does not exist in this case.

Defendants argue that even if federal question jurisdiction does not exist, the Court should continue to exercise supplemental jurisdiction over Plaintiff's state law claims. Even after dismissing all federal claims in a case, the Court may, in its discretion, retain jurisdiction over claims arising exclusively under state law in order to promote judicial economy and avoid a substantial duplication of effort. *E.g*, *Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991); *see also* 28 U.S.C. § 1367(c). However, as Plaintiff's Motions were filed only two weeks after this case was removed and this case is still in its early stages, the court finds that remand is appropriate.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 9) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's claim arising under the Americans with Disabilities Act is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Remand (ECF No. 10) is GRANTED.

**IT IS FURTHER ORDERED** that this case is remanded to Clark County District Court. The Clerk is instructed to close the case.

**DATED** this 24th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court